vided with the secretary and the solicitor, and directs that he shall be governed by the same principles and rules that had governed the board composed of the three. This, as we understand, was the construction given to the act by the commissioner, and is the one upon which he has acted, and we think it is right and should be upheld.

The jurisdiction of the commissioner over the application being established, his decision must be regarded as conclusive as to any informalities or irregularities that may have happened in the course of the execution of the duty, and cannot be the subject of examination and review on this motion, the same as if the case was before us on writ of error or appeal. The act intended to make the decision of the commissioner conclusive, except, perhaps, in the case of fraud, which is an exception to the general rule.

We are satisfied, therefore, that the plaintiff is clearly entitled to an injunction against the defendants, enjoining them from using, in the manufacture of fire-arms, the arrangements embraced in the second and third claims of his patent. Under the circumstances of the case, and in view of the affidavits produced in opposition to the motion, we shall refrain from passing upon the question raised in regard to the first claim, until the case shall come up for hearing upon the pleadings and proofs, when we shall be more fully in possession of the facts bearing upon that question.

[NOTE. For another case involving this patent, see Colt v. Massachusetts Arms Co., Case No. 3,030.]

COLT (YOUNG v.). See Case No. 18,155.

COLTMAN (McCLOUD v.). See Case No. 8,-703.

COLTON (NATIONAL BANK v.). See Case No. 10,034.

COLUMBET (FIELD v.). See Case No. 4,-764.

## Case No. 3,033.

### The COLUMBIA.

[Nowhere reported; opinion not now accessible.]

## Case No. 3,034.

### The COLUMBIA.

[6 Ben. 398.][1]

District Court, E. D. New York. March, 1873.

SEAMAN'S WAGES—DISCHARGE—DOUBLE PAY.

Seamen shipped on a vessel in New York, for a voyage to Havana and back to New York. On the return of the vessel to New York, they were discharged without payment of any portion of their wages. There was no dispute as to the amount due them. Within ten days after their discharge, they filed a libel against the vessel to recover the wages and ten days' double

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

pay, under the 35th section of the act of June 7, 1872 (17 Stat. 262). *Held,* that they were entitled to recover double pay for ten days, although the suit was brought before the expiration of ten days from their discharge.

This was an action [in admiralty] by seamen to recover wages, and also ten days' double pay, under the 35th section of the act of June 7, 1872 (17 Stat. 262).

The men shipped in New York, and signed articles for a voyage to Havana and back to New York. She arrived in New York on January 11, 1873, and the men were discharged on January 14th. They were not discharged before the U. S. shipping commissioner, nor was any portion of their wages then paid them, and on the 22d of January this libel was filed.

Goodrich & Wheeler, for libellants.

B. F. Tracy and John J. Allen, for claimants.

BENEDICT, District Judge. Under the provisions of section 35 of the act of 1872 [17 Stat. 262] the libellants in this case were entitled to be paid one-fourth of their wages at the time of their discharge, but they were discharged without any payment whatever, and no cause is assigned for the failure to pay them the amount of wages then payable; nor is it claimed that any dispute existed as to the balance then due them. Under such circumstances, they are also entitled to be paid a sum equal to two days' pay for each day, not exceeding ten, dating from the time of their discharge. Failure, without sufficient cause, to pay a seaman, on his discharge, the portion of his wages then payable by law, entitles him to recover double pay for each day's delay thereafter. I was at first inclined to the opinion that the double pay should stop upon the filing of the libel, but, upon reflection, and after examining the practice under the merchants' shipping act of England, of section 187, of which the 35th section of our act of 1872 is a copy, I incline to the opinion that in a case like this, when there is no dispute, and no reason assigned for the failure to pay the amount due, the right to double pay does not terminate by the commencement of an action to recover the wages earned.

In some cases, at least, such as where the ship is about to leave the port, a seaman will be compelled to commence his suit without delay. Moreover, delay of payment by the owner, made after the commencement of the suit, without any cause, is as prejudicial to the seaman as delay before suit, and should be discouraged. It is always in the power of the owner, as well after as before suit, to terminate the double pay by payment of the wages due. The practice, under the English act, appears to be in accordance with these views. See The Princess Helena, 1 Lush. 190.

Let a decree be entered in accordance with this opinion.